

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2009

# USA v. Kevin Small

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kevin Small" (2009). *2009 Decisions*. Paper 1994.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1994

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3971

_____

UNITED STATES OF AMERICA,
                                    Appellee,

vs.

KEVIN WILLIAM SMALL,
                                    Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00139)
District Court Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2009

_____

Before: FUENTES, FISHER and ALDISERT, Circuit Judges

(Opinion Filed: January 23, 2009)

_____

**OPINION**

_____

FUENTES, Circuit Judge:

Kevin Small's attorney has filed a motion to withdraw as counsel, and submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel has adequately fulfilled the requirements and we agree that there are no nonfrivolous issues for appeal. Accordingly, we grant the motion to withdraw as counsel and affirm the sentence imposed by the District Court.

**I.**

Because we write for the parties, we discuss only the facts relevant to our conclusion. On January 31, 2007, Small was indicted by a grand jury of four counts of filing false federal tax returns in violation of 18 U.S.C. § 287, and one count of mail fraud in violation of 18 U.S.C. § 1341. Specifically, Small was charged with filing four false IRS Form 1040s seeking tax refunds totaling $1,023,903 while he was incarcerated in Pennsylvania. After a full trial, Small was convicted on the four counts of filing false federal tax returns, and acquitted on the mail fraud count.

At trial, Small did not dispute that the IRS received the tax forms or that they included false information. Instead, his defense was that he had not filed those tax returns; he called several other inmates who testified that they were responsible for filing the false tax returns. In turn, the Government produced evidence from Small's mail and Small's cell directly linking him to the tax forms, including but not limited to letters sent to the IRS, requests for IRS forms, applications for bank accounts, letters to foreign

2

embassies regarding offshore bank accounts, a request for a duplicate social security card, handwritten notations of figures corresponding to the falsified tax forms, and correspondence with Pershing LLC, which was falsely listed as the employer in one of the tax forms.

At the sentencing hearing, Small requested a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He claimed that he deliberately instigated the investigation by sending letters to various authorities, and that he also repeatedly attempted to contact the prosecutor in order to cooperate. He explained that he did so because he had committed the crimes not for financial gain, but rather to get transferred to the federal penitentiary system where he believed he might be able to receive parole.

After consideration, the District Court imposed a sentence of 135 months, which was in the middle of the Guideline range of 120 to 150 months. The District Court cited Small's extensive criminal history and the facts that he "fabricated a defense and produced false documents at trial" and that "he not only filed false IRS returns claiming that he was owed tax refunds, but also established bank accounts to receive those moneys."

## II.

Third Circuit Local Appellate Rule 109.2(a) provides: "Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant

3

to <u>Anders v. California</u> . . . ." Our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).

In his <u>Anders</u> brief, Small's counsel presents several possible issues for appeal and adequately explains why each has no merit: (1) whether the District Court lacked jurisdiction; (2) whether there was insufficient evidence for the jury to reach its verdict; (3) whether the District Court erred in its jury charge, its evidentiary rulings, or its rulings on various motions; (4) whether the District Court erred under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), in allowing the Government to strike from the jury the only member of the jury panel who was African-American; and (5) whether the sentence imposed was unreasonable, specifically with regard to a request for a downward departure for acceptance of responsibility.

In addition, Small filed a <u>pro</u> <u>se</u> brief raising these additional complaints: (1) whether venue was improper given that Small was not within the Middle District of Pennsylvania at all relevant times of the offense; (2) whether the Government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1965), in withholding certain evidence; (3) whether trial counsel was ineffective for failure to object to a Government exhibit and failure to call witnesses; and (4) whether the District Court erred in failing to order a psychological evaluation before trial.

Looking at the issues raised by Small's counsel, we are convinced that they lack merit. First, we cannot say the evidence presented by the Government was insufficient for a reasonable jury to find that Small filed false tax returns. United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). The only issue in contention at trial was whether the returns were filed by Small or whether they were filed by someone else, and the Government linked Small to the returns via overwhelming evidence including letters, prison address, social security number, bank accounts, handwritten notations, and fingerprints.

Second, the District Court did not commit clear error under Batson. In striking the only African-American juror from the panel, the Government explained that the juror's son had been convicted of armed robbery and had served time in state prison, resulting in a risk of partiality. The District Court credited this race-neutral explanation, and we are therefore required to give "great deference on appeal" to this decision, which represents a finding of fact. Hernandez v. New York, 500 U.S. 352, 364 (1991); accord United States v. Milan, 304 F.3d 273, 281 (3d Cir. 2002).

Third, with regard to the District Court's refusal to reduce the sentence for acceptance of responsibility, Small's counsel properly notes that the question of whether a defendant has "accepted responsibility" is a factual question reviewed for clear error. United States v. Rodriguez, 975 F.2d 999, 1008 (3d Cir. 1992); U.S.S.G. § 3E1.1 Application Note 5 (noting that the determination of the sentencing judge regarding

5

acceptance of responsibility "is entitled to great deference on review"). Here, the District Court noted that section 3E1.1 is generally "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 Application Note 2. Accordingly, we cannot say that the District Court committed clear error in denying the sentence reduction.

Finally, the District Court had jurisdiction under 18 U.S.C. § 3231. Moreover, counsel's brief thoroughly addresses the propriety of the various other rulings made by the District Court at or before trial.

This leaves only the additional issues raised by Small in his pro se brief, all of which we find frivolous. The objection to venue was waived and cannot be raised for direct review on appeal. United States v. Robinson, 167 F.3d 824, 829 (3d Cir. 1999) ("[A] defendant must raise the issue of improper venue before the jury returns a verdict."). Likewise, none of the Brady objections were raised before the District Court, so we decline to review them in the first instance. United States v. Ferri, 778 F.2d 985, 997 (3d Cir. 1985) (declining to opine on the merits of the Brady claim in the first instance but noting that its decision is without prejudice). Third, the ineffective assistance claims also were not raised below, and we do not review these claims on direct appeal unless ineffectiveness is apparent on the record. United States v. Olfano, 503 F.3d 240, 246-47 (3d Cir. 2007) (citing United States v. McLaughlin, 386 F.3d 547, 555 (3d

6

Cir. 2004)). Here, neither of the ineffectiveness claims asserted suggest that the result of the proceeding would have been different; moreover, we observe that Small admitted he lied to his counsel and commended his counsel's performance despite that fact. Cf. United States v. Monzon, 359 F.3d 110, 120 (2d Cir. 2004) (finding no ineffectiveness where counsel performed skillfully taking into account that his client was lying to him). Finally, a psychological examination was never requested, and we cannot say the District Court committed plain error by failing to order one sua sponte; by all accounts, there was no reason to suspect that Small was incompetent to stand trial.

**III.**

For the foregoing reasons, we grant counsel's motion to withdraw and affirm the District Court's judgment sentencing Small to 135 months' imprisonment.